## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

```
------------------------------x
                              :
FRANKLIN BROWN                :    Civil No. 3:15CV01086(JCH)
                              :
v.                            :
                              :
FREDRICK DIRGA                :    May 11, 2016
                              :
------------------------------x
```

### MEMORANDUM OF CONFERENCE AND RULING ON MOTIONS

On May 10, 2016, this Court held a telephonic Discovery and Case Management Conference on the record to address plaintiff's pending motions. Plaintiff Franklin Brown ("plaintiff"), appearing pro se, and counsel for defendants, Attorney Christopher A. Clark, participated in the conference. The following summarizes the pertinent discussions held during the May 10, 2016, conference.[1]

### I.   Motion for Mental Examination of Plaintiff [Doc. #45]

Pending before the Court is a motion filed by the incarcerated pro se plaintiff seeking an order pursuant to Rule 35 of the Federal Rules of Civil Procedure for a mental examination of the plaintiff. Plaintiff argues that the mental examination is necessary to prove his claims of Post-Traumatic Stress Disorder and depression; to prevent the dismissal of his case for lack of medical evidence or testimony; and because he

---

[1] The Court addresses plaintiff's oral motion to dismiss defendant Del Mauro in a separate ruling.

has not received any mental health treatment since his incarceration. [Doc. # 45 at 1, 2].

As articulated on the record at the conference, Rule 35 empowers the Court to order a party to submit to an examination at the request of the opposing party, but the Rule "does not authorize a party to file a motion for his own ... examination." Jenkins v. Doe, No. 3:09CV1194(SRU), 2011 WL 121682, at *1 (D. Conn. Jan. 13, 2011) (citing Green v. Branson, 108 F.3d 1296, 1304 (10th Cir. 1997)); see also Funderburke v. Canfield, No. 13CV6128, 2014 WL 6390577, at *1 (W.D.N.Y. Nov. 7, 2014).

Further, Rule 35 cannot be used to secure medical treatment. See Jenkins, 2011 WL 121682, at *1 ("Although the injury to the plaintiff's knee is a matter in controversy as alleged in the amended complaint, the plaintiff's motion is simply an attempt to obtain medical treatment for his injury. Thus, the plaintiff's motion for an examination pursuant to Rule 35, Fed. R. Civ. P., is denied."); see also Green, 108 F.3d at 1304 (upholding denial of an inmate's Rule 35 motion where the purpose was to obtain medical care). Accordingly, plaintiff's Motion for Mental Examination [Doc. #45] is **DENIED**. To the extent that plaintiff seeks medical treatment while incarcerated, the Court encourages plaintiff to request treatment at his facility.

## II.  <u>Motion for Appointment of Expert Witness [Doc. #46]</u>

Plaintiff seeks the appointment of an expert witness at Court expense. [Doc. #46]. Plaintiff requests an expert to establish "the environmental conditions at night." <u>Id.</u> at 1. He also seeks an expert "to establish if the defendants had probable cause." <u>Id.</u> The decision to appoint an expert "is committed to the sound discretion of the district court." <u>Azkour v. Little Rest Twelve, Inc.</u>, -- F. App'x --, 2016 WL 1459239, at *2 (2d Cir. Apr. 14, 2016). That decision "is to be informed by such factors as the complexity of the matters to be determined and the Court's need for a neutral, expert view." <u>Pabon v. Goord</u>, No. 99CV5869(WHP)(THK), 2001 WL 856601, at *1 (S.D.N.Y. July 30, 2001); <u>see also</u> <u>Scott v. Spanjer Bros., Inc.</u>, 298 F.2d 928, 930-31 (2d Cir. 1962).

The <u>pro se</u> plaintiff's motion references Rule 702 of the Federal Rules of Evidence, which relates to the testimony of expert witnesses. Rule 706 permits a court to appoint an expert witness, but not as a partisan for one party or another. "The appointment of an expert witness pursuant to Rule 706 is not intended to aid litigants, but rather to aid the Court, through the services of an impartial expert, in its assessment of technical issues." <u>Brown v. Johnson & Johnson Pharm.</u>, No. 12CV01381(MPS), 2015 WL 235135, at *2 n.1 (D. Conn. Jan. 16,

2015) (internal citations and quotation marks omitted). Thus, appointment of an expert under Rule 706 is not proper here.

Construing plaintiff's motion, in the alternative, as seeking court funding for a retained expert in support of plaintiff's case, the motion also fails. As discussed on the record, a "court may admit expert testimony if it finds that 'scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue.' Fed. R. Evid. 702. If the testimony is instead directed solely to 'lay matters which a jury is capable of understanding and deciding without the expert's help,' Andrews v. Metro-North Commuter R.R. Co., 882 F.2d 705, 708 (2d Cir. 1989), the testimony is properly excludable." United States v. Castillo, 924 F.2d 1227, 1232 (2d Cir. 1991).

Here, the effect of darkness on a person's ability to observe events is well within the purview of a lay jury, and no expert testimony is required. It also would not be proper to admit expert testimony on the presence or absence of probable cause in this case. "Questions of law are for the court." U.S. v. Ingredient Tech. Corp., 698 F.2d 88, 97 (2d Cir. 1983) (affirming exclusion of proposed expert witness testimony); Hygh v. Jacobs, 961 F.2d 359, 363 (2d Cir. 1992) ("This circuit is in accord with other circuits in requiring exclusion of expert

testimony that expresses a legal conclusion."). Accordingly, plaintiff's Motion for Expert Witness [Doc. #46] is **DENIED**.

## III. <u>Motion to Appoint Counsel [Doc. #26]</u>

Plaintiff's Motion to Appoint Counsel, previously taken under advisement, remains pending. As discussed at the conference, the decision whether to appoint counsel for a <u>pro se</u> party is left to the discretion of the Court, which considers criteria including "the merits of plaintiff's case, the plaintiff's ability to pay for private counsel, his efforts to obtain a lawyer, the availability of counsel, and the plaintiff's ability to gather the facts and deal with the issues if unassisted by counsel." <u>Cooper v. A. Sargenti Co.</u>, 877 F.2d 170, 172 (2d Cir. 1989).

Plaintiff stated on the record that he has contacted several lawyers and continues to attempt to locate counsel. As the Court noted at the conference, plaintiff must also make a threshold showing of some likelihood of merit. "Even where the claim is not frivolous, counsel is often unwarranted where the indigent's chances of success are extremely slim." <u>Hodge v. Police Officers</u>, 802 F.2d 58, 60 (2d Cir. 1986) (internal citation and quotation marks omitted).

At this stage of the proceedings, plaintiff has not shown that his case has merit sufficient to warrant the appointment of counsel. Further, the issues presented in plaintiff's case are

not so complex as to warrant the appointment of counsel at this time. See Parks v. Smith, 505 F. App'x 42, 43 (2d Cir. 2012) ("The District Court did not abuse its discretion in determining that, even if [plaintiff] met the threshold requirement, secondary factors weighed against the appointment of counsel, since the issues presented in [plaintiff's] action were not overly complex and [plaintiff] was able to effectively litigate his case without counsel[.]"). The Court notes that plaintiff has successfully engaged in the discovery process and motion practice without counsel to date.

Accordingly, the Court **DENIES** plaintiff's Motion to Appoint Counsel [Doc. # 26], without prejudice to renewal after the resolution of any dispositive motions. As the Court indicated at the conference, if this case proceeds to trial, the Court may be more inclined to grant a renewed motion to appoint counsel.

## IV. Motion to Enlarge Time [Doc. #47] and Request for an Order to Enlarge Time [Doc. #58]

Plaintiff has two pending motions before this Court that seek essentially the same relief: an extension of the deadline for discovery in this case from the current deadline of June 30, 2016, to after his expected release date in late 2016 or early 2017. Plaintiff argues that he needs more time to prepare his case for trial, specifically, to find and interview witnesses,

investigate facts, and retain an attorney. [Doc. #47 at 1, Doc. #58 at 1-2].

The Court will not place this matter on hold for plaintiff to obtain counsel. This case has been pending for ten months and additional delay is unnecessary. Significant discovery has been conducted by both parties. Plaintiff is free to locate and interview potential witnesses at any time prior to trial. Accordingly, Plaintiff's Motion to Enlarge Time [Doc. #47] and Plaintiff's Request for an Order to Enlarge Time [Doc. #58] are **DENIED**. However, as stated on the record, if plaintiff obtains private counsel and counsel files an appearance by June 30, 2016, the Court will consider extending the deadlines in this matter by 60 days upon the filing of an appropriate motion.

## V.    <u>Motion to Compel Discovery [Doc. #48]</u>

Plaintiff has filed a Motion to Compel Discovery. [Doc. #48]. Plaintiff served 21 interrogatories and five (5) requests for production on each defendant. The motion as filed sought responses to all requests. On the record, plaintiff withdrew his motion as it pertained to Interrogatories 1 through 7, and 21.[2] The remaining interrogatories and requests for production were addressed on the record, as were defendant's objections.

---

[2] Plaintiff also withdrew his motion as to the interrogatories posed to defendant Del Mauro, and discontinued this action as against Detective Del Mauro.

As discussed at the conference, defendant's objections to
many of plaintiff's discovery requests are not sustainable, and
violate the discovery rules, particularly as revised in 2015.
See Fed. R. Civ. P. 26(b); Fed. R. Civ. P. 33(b)(4) ("The
grounds for objecting to an interrogatory must be stated with
specificity."). Defendant interposes a "vague and ambiguous"
objection to almost every interrogatory, but at the conference,
defendant was unable to articulate any basis for these
objections. For example, plaintiff posed the following
Interrogatory to defendant Dirga: "When you saw this alleged
transaction, [were] you alone or with a partner?" [Doc. #53-1 at
4]. This is a simple and direct question. It assumes no facts
that are disputed. The "alleged transaction" at issue in this
case is clearly known to both parties. Yet, defendant lodged two
objections: "This request is vague and ambiguous[;]" and
"Assumes facts not in evidence." Id. These objections are
plainly meritless. The same objections were lodged to the
question: "How many feet [were] between you and Mr. Brown and
the person making the transaction?" Id. Again, the objections
are meritless. Such baseless objections violate counsel's
obligations under the Federal and Local Rules, and will not be
tolerated by the Court.

Where defendant Dirga did respond to an interrogatory, he
generally did so by directing plaintiff to records that were

produced. This is an acceptable practice under Rule 33(d) of the Federal Rules of Civil Procedure. However, a party electing to use this approach must "specify[] the records that must be reviewed [to ascertain the information sought], in sufficient detail to enable the interrogating party to locate and identify them as readily as the responding party could[.]" Fed. R. Civ. P. 33(d)(1). Simply stating "see attached" and attaching approximately 100 pages of materials is insufficient. <u>See</u>, <u>e.g.</u>, <u>Synventive Molding Sols., Inc. v. Husky Injection Molding Sys.</u>, Inc., 262 F.R.D. 365, 378 (D. Vt. 2009) (holding that "the production of relevant Bates numbers is required" when responding under Rule 33(d)(1)).

After review of all of the interrogatories and objections, the Court rules as follows:

- Plaintiff is granted leave to restate Interrogatories 10, 19 and 20, and to the extent he wishes to do so, shall serve defendant with revised requests on or before **May 24, 2016.**

- Defendant Dirga shall supplement his responses to Interrogatories 9, 12, and 13, and to the restated Interrogatories 10, 19, and 20, if applicable, on or before **June 14, 2016.** Defendant may identify the Bates number of the document that provides the relevant

answer, as well as simply providing a narrative answer
to the interrogatory.

- Defendant's objections are sustained as to
  Interrogatories 8 and 15.
- The Court finds that defendant's responses to
  Interrogatories 11, 14, 16, 17, and 18 are adequate.

Plaintiff also contends that defendant failed to produce
discovery responsive to his Requests for Production. Defendant
contends that he has provided substantially the entire police
file in this matter, which encompasses all responsive materials.
The only item apparently in dispute is a video. Specifically,
Request for Production 1 seeks, inter alia, "[c]opies of any and
all videos" and Request for Production 5 asks for "the video my
public defender Ron made the State get in his discovery." [Doc.
# 53-1 at 16]. At the conference, counsel for the defendant
represented that he had no knowledge of any videos of the
incident in question. Plaintiff explained that his attorney in
the criminal matter underlying this action had informed him that
a surveillance video of the incident existed, and it is that
video he seeks. Counsel for the defendant represented that he
will contact the State's Attorney and/or the Police Department
in an effort to obtain the video, and will produce it, if it can
be located.

**VI.  Conclusion**

The Court strongly encourages the parties to meet and confer, pursuant to D. Conn. L. R. Civ. 37, and to attempt resolve any further discovery disputes that may arise without the Court's intervention.

This is not a Recommended Ruling. This is an order regarding case management which is reviewable pursuant to the "clearly erroneous" statutory standard of review. 28 U.S.C. §636(b)(1)(A); Fed. R. Civ. P. 72(a); and D. Conn. L. Civ. R. 72.2. As such, it is an order of the Court unless reversed or modified by the District Judge upon motion timely made.

SO ORDERED at New Haven, Connecticut, this 11th day of May 2016.

_____
                              /s/
HON. SARAH A. L. MERRIAM
UNITED STATES MAGISTRATE JUDGE