```
                    UNITED STATES DISTRICT COURT
                      DISTRICT OF CONNECTICUT

------------------------------x
                              :
FRANKLIN BROWN                :    Civil No. 3:15CV01086(JCH)
                              :
v.                            :
                              :
FREDRICK DIRGA                :    October 11, 2016
                              :
------------------------------x
```

**MEMORANDUM OF CONFERENCE AND RULING ON MOTIONS**

On October 4, 2016, this Court held a telephonic Status Conference on the record. Plaintiff Franklin Brown ("plaintiff"), appearing pro se, and counsel for defendant, Attorney Christopher A. Clark, participated in the conference. The following summarizes the pertinent discussions held during the October 4, 2016, conference.

**I.   Plaintiff's Motion to Amend the Complaint and Motion for Joinder of Claims and Parties [Docs. ##94, 95]**

Pending before the Court are plaintiff's Motion for Leave to File an Amended Complaint, and plaintiff's Motion for Joinder of Claims and Parties. [Docs. ##94, 95]. In both motions, plaintiff seeks to amend his Complaint to add claims of: assault and battery; false arrest; and section 1983 claims against proposed new defendants Captain Patrick Howard, Chief William McKenna, Captain Wallace, Lieutenant Davis, and the City of Middletown. See Docs. ##94, 95. In support of his motions, plaintiff contends that newly discovered evidence warrants the

amendment and the addition of parties. See Doc. #94-1 at 1, 3-4; Doc. #95 at 1. Plaintiff attaches police investigatory records and an affidavit from witness Karen Rogala as exhibits in support of his motion, but his motion does not discuss how these materials constitute "new evidence," when the information was received, or how it supports his proposed new claims. See Docs. ##94, 95. Defendant opposes plaintiff's motion, arguing, inter alia, that plaintiff has failed to show good cause for filing his motion beyond the deadline to amend the pleadings; that the proposed amendments are futile; and that the amendments would be prejudicial to defendant. See Doc. #97.

At the October 4, 2016, conference, plaintiff explained that the newly acquired evidence was produced by defendant during the course of discovery, and received by plaintiff on February 22, 2016. Plaintiff contended that the records attached to his "Motion for Joinder of Claims and Parties" [Doc. #94] provide the "new evidence" necessitating the filing of an amended complaint and supporting the proposed new claims. The Court requested that plaintiff point to a particular piece of "new evidence" and explain how it supports the new proposed claims.

Plaintiff pointed to a record bearing Bates number BROWN 00089, and specifically to the paragraph in the middle of that page under the title "Confidential Interview." See Doc. #94-2 at

12. This document is the report of an internal investigation into plaintiff's civilian complaint after his arrest; the claims raised in the civilian complaint are similar to those asserted in this federal case. The paragraph relied upon by plaintiff contains a statement from a witness who asserts that plaintiff sold crack to her, using Karen Rogala as an intermediary, shortly before the arrest plaintiff challenges. The witness also reports that a man attempted to get plaintiff to sell him crack that night but plaintiff refused because he believed the man to be a "snitch." At the conference, plaintiff asserted that this paragraph supports plaintiff's assertion that defendant Dirga did not observe him making a hand-to-hand transaction immediately before his arrest, and thus that Dirga's stated basis for the arrest is false.

Plaintiff acknowledged at the conference that the "new evidence" attached to his motion was produced by defendant seven months before he filed the motions, but stated that he had been unaware until recently that he could move to amend his complaint. For the reasons set forth below, plaintiff's motions are **DENIED**.

    **A.**    **Legal Standard**

Pursuant to Rule 15 of the Federal Rules of Civil Procedure, a party may amend his pleading "only with the opposing party's written consent or the court's leave. The court

should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). Rule 21 governs the addition of parties: "On motion or on its own, the court may at any time, on just terms, add or drop a party." Fed. R. Civ. P. 21.

> With respect to the interaction of Rules 15(a) and 21, it has been held that Rule 15(a) generally governs the amendment of complaints, but in the case of proposed amendments where new defendants are to be added, Rule 21 governs. The perceived supremacy of Rule 21 is, however, of no practical consequence, since it is generally held that the standards governing motions to amend under Rule 15 apply with equal force to motions to add parties under Rule 21.

Meyers v. Kishimoto, No. 3:14CV535(CSH), 2015 WL 4041438, at *3 (D. Conn. July 1, 2015) (quotation marks and internal citations omitted).

In determining whether to grant leave to amend, the Supreme Court has held:

> If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits. In the absence of any apparent or declared reason — such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. — the leave sought should, as the rules require, be 'freely given.'

Foman v. Davis, 371 U.S. 178, 182 (1962). Accordingly, where, as here, a plaintiff moves for leave to amend his complaint to add new claims and parties, a court will look to whether the opposing party is unduly prejudiced, whether plaintiff has

unduly delayed in seeking the proposed amendment, and whether the proposed amendment would be futile. See, e.g., Jin v. Metro. Life Ins. Co., 310 F.3d 84, 101 (2d Cir. 2002) ("Leave to amend should be freely granted, but the district court has the discretion to deny leave if there is a good reason for it, such as futility, bad faith, undue delay, or undue prejudice to the opposing party."(citing Foman, 371 U.S. at 182)). With these factors in mind, the Court turns to plaintiff's proposed Amended Complaint.

    **B.**    **False Arrest**

Plaintiff's proposed Amended Complaint asserts a new claim for false arrest. "Favorable termination is an element of a section 1983 claim sounding in false imprisonment or false arrest." Miles v. City of Hartford, 445 F. App'x 379, 383 (2d Cir. 2011). Further, a claim for false arrest may not succeed where plaintiff has entered a guilty plea. See Maietta v. Artuz, 84 F.3d 100, 103 n.3 (2d Cir. 1996) ("We have also ruled that ... common law principles preclude a challenge to the validity of an arrest after a guilty plea, for purposes of a civil suit under 42 U.S.C. § 1983." (citing Cameron v. Fogarty, 806 F.2d 380, 386-89 (2d Cir. 1986)). Here, plaintiff pled guilty to the underlying crime and was convicted. See Doc. #97-9 at 3-4 (transcript of plaintiff's deposition, in which plaintiff admits to having pled guilty to the narcotics charge). The Court has

reviewed the documents attached in support of plaintiff's motion. None of these records suggests that plaintiff's conviction has been invalidated or reversed. Thus, plaintiff cannot maintain a section 1983 action based on false arrest. See Heck v. Humphrey, 512 U.S. 477, 486-87 (1994); see also Simmons v. Simpson, No. 3:04CV2044(RNC), 2005 WL 2850078, at *1 (D. Conn. Oct. 29, 2005). Accordingly, the Court finds that amendment to permit the addition of a false arrest claim would be futile.

    **C.    Individual Supervisory Defendants**

Plaintiff also seeks to bring a section 1983 claim against new individual defendants for their alleged failure to supervise Officer Dirga, the sole defendant currently named in this action. See Doc. #94 at 1, Doc. #95-2 at 3-4.

> To establish that a municipality's failure to train or supervise constitutes deliberate indifference to the constitutional rights of citizens, plaintiff must show (1) that a policymaker knows 'to a moral certainty' that her employees will confront a given situation; (2) that the situation either presents that employee with a difficult choice of the sort that training or supervision will make less difficult or that there is a history of employees mishandling the situation; and (3) that the wrong choice by the city employee will frequently cause the deprivation of a citizen's constitutional rights.

Rodriguez v. City of New York, 649 F. Supp. 2d 301, 307 (S.D.N.Y. 2009) (quoting Walker v. City of New York, 974 F.2d 293, 297 (2d Cir. 1992)); see also Reynolds v. Guiliani, 506

F.3d 183, 192 (2d Cir. 2007). Further, to state a claim under section 1983, plaintiff must allege the personal involvement of an individual defendant. See Costello v. City of Burlington, 632 F.3d 41, 48-49 (2d Cir. 2011) (citing Wright v. Smith, 21 F.3d 496, 501 (2d Cir. 1994)).

The proposed Amended Complaint contains no allegations of facts that would support a claim of failure to supervise under section 1983, nor are there any allegations in the proposed Amended Complaint that establish that the proposed new individual defendants personally participated in any alleged misconduct. "This defect is fatal to [plaintiff's] claim under 42 U.S.C. § 1983." Costello, 632 F.3d at 49. Accordingly, the proposed amendment adding claims against Captain Howard, Chief McKenna, Captain Wallace, and Lieutenant Davis would be futile and is therefore denied.

**D.   City of Middletown**

Plaintiff also seeks to amend his complaint to allege a section 1983 claim against the City of Middletown. Plaintiff alleges that "[i]t was the policy and/or custom of the City of Middletown to inadequately and improperly investigate citizen complaints of police misconduct," and "to inadequately supervise and train its police officers[.]" Doc. #95-2 at 4. As the Court has already noted, plaintiff must demonstrate that there is a "direct causal link between a municipal policy or custom and the

alleged constitutional deprivation." City of Canton, Ohio v. Harris, 489 U.S. 378, 385 (1989); see also Doc. #8 at 5.

Plaintiff, however, has not alleged any facts that support these allegations. Further, plaintiff was unable to articulate at the conference how any of the information contained in the records attached to his motion suggests an unconstitutional municipal policy or custom that would give rise to a section 1983 claim against the City of Middletown. As discussed above, the portion of the report of the investigation into plaintiff's civilian complaint on which plaintiff focuses bears no relation at all to supervision issues. It was prepared after the fact, and contains no information suggesting that the supervision of Officer Dirga prior to the arrest of plaintiff was improper.[1] Accordingly, the Court finds that the addition of this claim would be futile, and is denied.

**E.   Assault and Battery**

Finally, plaintiff seeks to add a claim for assault and battery against defendant Dirga. Plaintiff is currently proceeding with a claim against defendant Dirga in his individual capacity for the use of excessive force in violation

---

[1] In fact, the report appears thorough and comprehensive, and establishes that other witnesses, including Ms. Rogala and a third party, substantiated the fact that plaintiff had a significant quantity of crack cocaine in his possession at the time of his arrest, and the third party witness reported that plaintiff was selling that crack cocaine. See Doc. #94-2.

of plaintiff's Fourth Amendment rights. At the conference, defendant argued that the addition of a state claim for assault and battery would require the reopening of plaintiff's deposition, additional interviews of witnesses and police officers, and other discovery, as the proposed state law claim has different elements and defenses than the existing federal claim for excessive force. See, e.g., Conn. Gen. Stat. § 53a-22 (statutory authority for use of force in arrest); Brown v. Robishaw, 922 A.2d 1086, 1092 (2007) ("[I]t is well established that the defense of self-defense is available to a defendant faced with the intentional torts of civil assault and battery[.]").

The Court agrees with defendant that the addition of this claim, beyond the discovery deadline, would cause undue prejudice to the defendant. "A court may deny a motion to amend when the movant knew or should have known of the facts upon which the amendment is based when the original pleading was filed, particularly when the movant offers no excuse for the delay. Moreover, when the amendment is sought after discovery has been closed, prejudice may be found." Ruotolo v. City of New York, No. 03CV5045(SHS), 2006 WL 2372236, at *2 (S.D.N.Y. Aug. 16, 2006), aff'd, 514 F.3d 184 (2d Cir. 2008) (internal citations and quotation marks omitted) (collecting cases); see also St. John v. Arnista, No. 3:05CV120(WWE), 2007 WL 3355385,

at *2 (D. Conn. Nov. 9, 2007) ("With respect to the request to add claims ... the court concludes that the addition of those claims would unnecessarily delay the litigation of this action and also prejudice the defendant." (citation omitted)).

**F. Undue Delay and Prejudice**

The Court finds that all of the proposed amendments are barred because there was undue delay in the plaintiff's filing of the request to amend, and permitting the complaint to be amended at this late date would be unduly prejudicial to defendant.

The deadline for the completion of fact discovery in this matter was September 23, 2016, only four days after plaintiff filed the instant motions. The evidence that plaintiff claims is newly discovered was in fact produced by defendant and received by plaintiff in February 2016, over seven months before the motions were filed. Plaintiff also asserted during the conference that an attorney appointed to represent him in a state court matter had advised him in June that he should seek to amend his complaint, and still he waited until September, as discovery was closing. Plaintiff had ample time to review the documents in his possession and move to add claims or parties prior to the deadline for the close of discovery. He has offered no persuasive reason for his lengthy delay in filing the motion to amend.

Furthermore, the "new evidence" received by plaintiff in February does not support the proposed amendments. The affidavit of Karen Rogala contains her report of the incident; plaintiff has been in contact with Ms. Rogala throughout this litigation and before it was filed, and thus has been well aware of her version of events for years. The report summarizing the investigation of the civilian complaint adds some interesting detail to the events of the night in question, but no new information that would support any of the new claims proposed by plaintiff.

Permitting amendment of substantive claims and addition of new parties at this late date, three years after the incident in question, after the close of discovery, on the eve of the dispositive motions deadline, would also be unduly prejudicial to defendant. The plaintiff has already been deposed. Both parties have engaged in discovery, and the Court has been required to resolve several disputes. Adding new defendants and new claims now would require the reopening of discovery, the re-deposition of plaintiff, and new depositions and document discovery. As noted above, the Court does not find that the proposed amendments are supported by the "new evidence" proffered. Accordingly, the Court finds that the factors of unreasonable delay and undue prejudice support denial of the motion to amend.

**G.   Conclusion**

The Court concludes that the addition of the proposed parties and claims would be futile, and would cause prejudice to defendant at this stage in the proceeding, and that plaintiff's request was unduly delayed. The Court sees no justification to permit the amendment of plaintiff's Complaint at this time. Accordingly, plaintiff's Motion for Leave to File an Amended Complaint and Motion for Joinder of Claims and Parties are **DENIED**.

## II.   Affidavit of Karen Rogala

Plaintiff's Motion for Joinder of Claims and Parties attaches an affidavit from Karen Rogala, a witness in this matter. See Doc. #94-3. In defendant's opposition to plaintiff's motion, and again at the October 4, 2016, conference, defendant argued that Ms. Rogala's testimony should be precluded, as defendant's efforts to serve her with a deposition notice and a subpoena have been wholly unsuccessful. Specifically, defendant contends that he attempted to serve Ms. Rogala with a notice and a subpoena at her last known address of 37 Coles Road, Cromwell, Connecticut; he has requested her contact information and whereabouts from plaintiff on multiple occasions; and he has effected an abode service on Ms. Rogala at her last known address. See Doc. #97 at 13-14. Ms. Rogala failed to appear for her deposition on July 27, 2016. Id. at 14.

At the conference, plaintiff stated on the record that he has spoken recently to Ms. Rogala on the phone, and that he speaks with her often. He stated that he received her affidavit dated September 9, 2016, by mail, and the envelope bore a return address matching Ms. Rogala's last known address of 37 Coles Road. Plaintiff stated that Ms. Rogala has expressed to him that she does not wish to be subpoenaed and therefore she will not reveal her whereabouts.

Rule 26(a) of the Federal Rules of Civil Procedure governs the parties' mandatory initial disclosures. Rule 26(a)(1)(A)(i) requires disclosure of:

> the name and, if known, the address and telephone number of each individual likely to have discoverable information -- along with the subjects of that information -- that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment[.]

Fed. R. Civ. P. 26(a)(1)(A)(i). Each party has a duty to disclose new information as it becomes available:

> A party who has made a disclosure under Rule 26(a) -- or who has responded to an interrogatory, request for production, or request for admission -- must supplement or correct its disclosure or response: (A) in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing; or (B) as ordered by the court.

Fed. R. Civ. P. 26(e). If a party fails to comply with these Rules,

> the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless. In addition to or instead of this sanction, the court, on motion and after giving an opportunity to be heard:(A) may order payment of the reasonable expenses, including attorney's fees, caused by the failure;(B) may inform the jury of the party's failure; and (C) may impose other appropriate sanctions, including any of the orders listed in Rule 37(b)(2)(A)(i)-(vi).

Fed. R. Civ. P. 37(c)(1).

Here, it has been clear since the filing of this case that Ms. Rogala is a key witness for plaintiff; indeed, she was originally named as a plaintiff. It is also evident that plaintiff is in regular contact with Ms. Rogala, both by telephone and by mail. While plaintiff has represented to the Court that he does not have additional contact information for Ms. Rogala, other than that already provided, her submission of an affidavit in support of his recent motions strongly suggests that he is able to locate her as needed. Defense counsel, however, in spite of making repeated efforts including abode service, has been unable to secure Ms. Rogala's deposition testimony.

Thus, as the Court explained at the conference, plaintiff cannot call Ms. Rogala at trial to offer evidence in support of his claims if he has not supplied updated, accurate contact information to defendant's counsel, and if Ms. Rogala has refused to cooperate with the efforts to take her deposition.

The circumstances put defense counsel in the untenable position of having to confront a key witness at trial whom he has not previously been able to interview or depose, while plaintiff has had regular access to her throughout the pendency of the case. See, e.g., Harewood v. Braithwaite, No. 09CV2874(PKC), 2013 WL 5366391, at *4 (E.D.N.Y. Sept. 23, 2013) (Testimony of an alibi witness was precluded after he refused to be deposed when subpoenaed, because if the witness were permitted to testify, "[d]efendant would be prejudiced by having to confront his testimony for the first time at trial."); Yu Chen v. LW Rest., Inc., No. 10CV200(ARR), 2011 WL 3420433, at *21 (E.D.N.Y. Aug. 3, 2011) ("Moreover, as discovery has long closed by now, defendants will be precluded from presenting any witnesses who have not been produced for depositions or any other evidence which has not been produced to plaintiffs.").

As discussed at the conference, the Court declines to impose the sanction of preclusion at this time. This issue has only recently been brought to the Court's attention. It appears that plaintiff has not timely disclosed information regarding Ms. Rogala's whereabouts to defendant. In light of plaintiff's status as a self-represented party, however, the Court wishes to ensure that he is fully aware of the potential consequences of his repeated failure to produce this witness. See Reilly v. Natwest Markets Grp. Inc., 181 F.3d 253, 270 (2d Cir. 1999)

(upholding preclusion, noting that a party had "an adequate opportunity to argue against the preclusion of the proposed testimony of" uncooperative witnesses where party had "specific notice" that preclusion was a possible sanction).

Accordingly, the Court will permit plaintiff an additional opportunity to ensure that Ms. Rogala appears for a deposition as duly noticed by defendant. Defendant shall notice the deposition of Ms. Rogala for a date on or before December 1, 2016, by sending written notice to her last known address of 37 Coles Road, Cromwell, Connecticut. Counsel shall also send a copy of the notice to plaintiff at his address of record. Plaintiff must make his best efforts to ensure that Ms. Rogala appears as directed. Should plaintiff become aware of additional contact information or a different service address for Ms. Rogala, he must notify counsel for the defendant immediately. **If Ms. Rogala again fails to appear for the re-noticed deposition, plaintiff will be precluded from offering her testimony at trial or relying on any other evidence from her in this matter, pursuant to Rule 37(c).** The Court has attached copies of Rules 26 and 37 to this order for plaintiff's information.

### III. Scheduling Order

At the October 4, 2016, conference, the Court also discussed the operative Scheduling Order (Doc. #79). The Court hereby reopens fact discovery in this matter **for the limited**

**purpose of conducting a deposition of Ms. Rogala.** Defendant may conduct the deposition of Ms. Rogala on or before December 1, 2016. No further fact discovery shall be permitted during this timeframe. **All other deadlines remain unchanged.** On or before December 2, 2016, defendant shall file a notice informing the Court whether Ms. Rogala appeared for her deposition, and detailing what, if any, additional discovery defendant believes is warranted based on Ms. Rogala's testimony.

## IV.   Medical Authorization

At the conference, defendant informed the Court that he has had difficulty obtaining signed authorizations from plaintiff to release plaintiff's medical and non-medical records from his period of incarceration. On the record, plaintiff represented that he had signed the authorization to release his medical records and will send the authorization to defendant. However, plaintiff does not consent to release any information regarding his history of incarceration, and therefore refuses to sign the non-medical release. Defendant has not filed a motion to compel production of these records, and has not proffered any persuasive basis for requesting plaintiff's records from the Department of Correction that are unrelated to medical issues. Should defendant determine that the signed authorization he receives from plaintiff is insufficient, he should file a motion to compel immediately.

This is not a Recommended Ruling. This is an order regarding case management which is reviewable pursuant to the "clearly erroneous" statutory standard of review. See 28 U.S.C. §636(b)(1)(A); Fed. R. Civ. P. 72(a); and D. Conn. L. Civ. R. 72.2. As such, it is an order of the Court unless reversed or modified by the District Judge upon motion timely made.

SO ORDERED at New Haven, Connecticut, this 11th day of October 2016.

/s/
HON. SARAH A. L. MERRIAM
UNITED STATES MAGISTRATE JUDGE