### UNITED STATES DISTRICT COURT
### DISTRICT OF CONNECTICUT

```
-----------------------------x
                             :
FRANKLIN BROWN               :    Civil No. 3:15CV01086(JCH)
                             :
v.                           :
                             :
FREDRICK DIRGA               :    November 10, 2016
                             :
-----------------------------x
```

### RULING ON MOTION FOR VOLUNTARY DISMISSAL [Doc. #104]

Pending before the Court is a motion by self-represented plaintiff Franklin Brown ("plaintiff") to voluntarily dismiss this pending matter, pursuant to Rule 41(a)(2) of the Federal Rules of Civil Procedure. [Doc. #104]. Defendant has filed an opposition to the motion. [Doc. #106]. For the reasons set forth below, plaintiff's motion is **DENIED.**

### I.   Legal Standard

Pursuant to Rule 41 of the Federal Rules of Civil Procedure, after defendant has filed an answer and in the absence of a stipulation, a plaintiff may voluntarily dismiss his case "only by court order, on terms that the court considers proper." Fed. R. Civ. P. 41(a)(2). Rule 41(a) further provides that "[u]nless the order states otherwise, a dismissal under this paragraph (2) is without prejudice." Id. However, "[v]oluntary dismissal without prejudice is [] not a matter of right." Zagano v. Fordham Univ., 900 F.2d 12, 14 (2d Cir. 1990).

"The court has discretion to deny voluntary withdrawal." <u>Brown v. Nat'l R.R. Passenger Corp.</u>, 293 F.R.D. 128, 130 (E.D.N.Y. 2013); <u>see also</u> <u>Fed. Ins. Co. v. Speedboat Racing Ltd.</u>, No. 3:12CV1480(CSH), -- F. Supp. 3d --, 2016 WL 4250222, at *17 (D. Conn. Aug. 9, 2016).

"[T]he test for dismissal without prejudice involves consideration of various factors[.]" <u>Kwan v. Schlein</u>, 634 F. 3d 224, 230 (2d Cir. 2011). These factors include

> the plaintiff's diligence in bringing the motion; any "undue vexatiousness" on plaintiff's part; the extent to which the suit has progressed, including the defendant's effort and expense in preparation for trial; the duplicative expense of relitigation; and the adequacy of plaintiff's explanation for the need to dismiss.

<u>Zagano</u>, 900 F.2d at 14 (collecting cases). "The extent to which a suit has progressed is considered by many courts in the Second Circuit to be of primary importance. This is so in part because the length of time which an action has been pending goes to the extent which a defendant will be prejudiced by a dismissal without prejudice." <u>Roh v. Devack</u>, No. 3:07CV1901(CSH), 2011 WL 1363789, at *3 (D. Conn. Apr. 11, 2011) (quotation marks and citation omitted). No single factor is dispositive, however. <u>See, e.g.</u>, <u>Soul Circus, Inc. v. Trevanna Entm't, Inc.</u>, 249 F.R.D. 109, 111 (S.D.N.Y. 2008) ("To be sure, this action has not progressed very far, and there would be little to relitigate. But plaintiff's failure to offer a persuasive reason

for dismissal without prejudice, the vexatious nature of its actions, its attempt to avoid a prompt resolution in a forum no longer to its liking, and its failure to seek such a dismissal earlier all weigh in favor of the defendants.").

## II.  __Discussion__

Plaintiff seeks to voluntarily dismiss this case, claiming that he "filed the case wrong and no longer want[s] to proceed." Doc. #104 at 1. His motion requests dismissal, conditioned on an assurance or order that said dismissal would not "bar" his other pending action, case number 3:16CV01180(JCH), Franklin Brown v. Fredrick Dirga, et al. (hereinafter "16CV1180"). Id. Defendant opposes plaintiff's motion, arguing that any dismissal of this matter should be with prejudice, and should not dictate the outcome of defendant's pending motion to dismiss in 16CV1180. See Doc. #106 at 1.

After a consideration of the factors set forth above, the Court denies plaintiff's motion to dismiss his case without prejudice. This matter is far progressed. The case has been pending for over a year, during which time plaintiff has filed no fewer than fifteen motions necessitating responses by defendant. During the course of the litigation, plaintiff voluntarily dismissed defendant DelMauro from the action, and the case has continued without him. Fact discovery is now complete, and the deadline for the filing of dispositive motions

is imminent. Defendant would be unduly prejudiced by a dismissal without prejudice at this stage in the proceedings, especially considering that defendant would incur significant duplicative expenses if required to relitigate the matter.

Furthermore, the plaintiff has not proffered an adequate explanation for his request to dismiss the case without prejudice. It appears that plaintiff seeks to abandon the instant matter in order to pursue his later-filed lawsuit, 16CV1180.[1] Plaintiff's complaint in 16CV1180 was commenced in state court on May 15, 2016, and removed by the defendants in that action on July 14, 2016. This case was filed on July 15, 2015, almost exactly one year earlier. The claims alleged in 16CV1180 arise from the same set of facts as those that gave rise to the instant matter.

It is the general rule that "where there are two competing lawsuits, the first suit should have priority, absent the showing of balance of convenience in favor of the second action, or unless there are special circumstances which justify giving priority to the second." Fort Howard Paper Co. v. William D. Witter, Inc., 787 F.2d 784, 790 (2d Cir. 1986). "Simple dismissal of the second suit is [a] common disposition because

---

[1] There is a pending motion in 16CV1180 by plaintiff to amend his complaint [Doc. #19] and to remand the matter to state court [Doc. # 23]. A motion to dismiss filed by defendants is also pending. [Doc. #13].

plaintiff[] [has] no right to maintain two actions on the same
subject in the same court, against the same defendant at the
same time." Curtis v. Citibank, N.A., 226 F.3d 133, 138-39 (2d
Cir. 2000); see also Odesina v. Saint Francis Hosp., No.
3:01CV1091(PCD), 2002 WL 32500865, at *1 (D. Conn. Feb. 26,
2002) ("Dismissal is appropriate where an identity of issues
exists and the controlling issues in the dismissed action will
be determined in the other lawsuit."). Plaintiff's motion to
dismiss appears designed to evade this rule, and to undo his
earlier dismissal of defendant DelMauro, by proceeding with the
later-filed case, which includes DelMauro as a defendant.

The Court cannot provide plaintiff with the relief he
seeks; namely, a dismissal of the instant matter that would
permit his second-filed case to proceed without impediment.
Plaintiff may elect to dismiss this case, with prejudice, but he
is cautioned that a dismissal with prejudice might prevent him
from refiling his claims against the defendants in this matter.
The Court is not inclined to make plaintiff any guarantees about
the disposition of the claims in 16CV1180.

## III. Conclusion

Accordingly, for the reasons set forth above, plaintiff's
Motion for Voluntary Dismissal is **DENIED**. The Court will not
dismiss plaintiff's case without prejudice. This matter will
remain open and pending. Should plaintiff wish to voluntarily

dismiss this case <u>with</u> prejudice, plaintiff may do so by filing a stipulation of dismissal or by filing a motion that conveys the appropriate information to the Court.

The Court further finds that no hearing is necessary on this motion, so plaintiff's motion for a hearing is **DENIED**.

This is not a Recommended Ruling. This is an order regarding case management which is reviewable pursuant to the "clearly erroneous" statutory standard of review. <u>See</u> 28 U.S.C. §636(b)(1)(A); Fed. R. Civ. P. 72(a); and D. Conn. L. Civ. R. 72.2. As such, it is an order of the Court unless reversed or modified by the District Judge upon motion timely made.

SO ORDERED at New Haven, Connecticut, this 10th day of November 2016.

/s/
HON. SARAH A. L. MERRIAM
UNITED STATES MAGISTRATE JUDGE